Commonwealth *v.* Sims, Appellant.

Argued October 11, 1954. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (ROSS, J., absent).

*Garfield W. Levy* and *Walter N. Kennedy, Jr.,* submitted a brief for appellant.

*Victor Wright,* Assistant District Attorney, with him *Samuel Dash,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

The defendant was indicted under the Liquor Code for unlawful possession of alcoholic liquor. Pursuant to §494 of The Liquor Code, 47 PS §4-494, which provides for a jail sentence for second offenders, the indictment included an averment of prior conviction of a similar offense. The defendant was tried by a judge without a jury, was found guilty and sentenced to pay a fine and serve three months in prison. He has appealed alleging error in the admission of proof of the prior offense.

In order to prove the prior offense the district attorney offered the original indictment with the judgment of sentence endorsed thereon, from the same county as the case being tried. The witness, however, who produced the indictment was a clerk of the Common Pleas Court and not of Quarter Sessions whence the document originated. Defendant now contends that the authenticating witness should have been an official custodian in the office where the indictment is kept, the office of the clerk of Quarter Sessions.

Defendant overlooks the fact that the original indictment offered into evidence bore the official seal of the court and as such carried a presumption of legitimacy. *Com. v. Snowden*, 1 Brewster 218. The general rule, as stated in Wigmore on Evidence, 3rd Edition, §2161, is that: "So far as a particular seal or signature is held to admit a document, the purporting impression of a specific seal or signature evidences the document as genuinely executed by the purporting person, and his official character is assumed without evidence." As to custody, it is true, as defendant points out, that normally an original document would be proven by the official custodian thereof. If some other person offers the original document, "he must clearly know and show that its place of origin was the proper one": Wigmore on Evidence, §2158. The purpose of the latter rule is to insure that private persons with no official capacity are not given full power to prove alleged original public papers. Here, however, the witness was an official of the Court of Common Pleas, obviously familiar with the procedures obtaining. He testified that he received the indictment from the official custodian thereof. The danger inherent in permitting private persons to prove original public papers is absent here. Defendant's objection is of a purely technical nature, since the trial took place in City Hall, Phila-

delphia, in which building the proof of the prior offense was officially kept. Any doubt as to its authenticity could have been quickly verified.

Judgment of sentence affirmed and it is ordered that the defendant appear in the court below at such time as he may be called and that he be committed until he has complied with his sentence or any part of it not performed at the time this appeal was made a supersedeas.